# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ALEXANDER SHEVGERT**,

Plaintiff,

v.

Case No. 8:24-cv-02544-WFJ-AAS
Crim. Case No. 8:12-cr-00245-WFJ-AAS-1

**UNITED STATES OF AMERICA**,

Defendant.
_____/

## ORDER

Plaintiff Alexander Shevgert requests to vacate the lesser offense of his 2013 conviction. Dkt. 4. Mr. Shevgert was convicted of solicitation to commit a crime of violence, under 18 U.S.C. § 373, and murder-for-hire, under 18 U.S.C. § 1958. Mr. Shevgert contends the lesser solicitation offense should be vacated on double jeopardy grounds. The United States moved to dismiss the motion as untimely, and plaintiff filed a response in opposition. Dkts. 6, 12. The Court dismisses Plaintiff's motion to vacate as time barred.

## BACKGROUND

In October 2013, Mr. Shevgert was convicted of murder-for-hire, under 18 U.S.C. § 1958(a), and solicitation to commit a crime of violence, under 18 U.S.C. § 373(a). Dkt. 4 at 2. No direct appeal was filed. Dkt. 4 at 3. However, in December 2015, he filed a Federal Rule of Civil Procedure 60(b) motion for relief. Case No.

1

8:12-cr-00245-WFJ-AAS-1, Dkts. 61, 62. The district court recharacterized the motion as a 28 U.S.C. § 2255 motion to vacate, which it denied as untimely and without merit. *See* Case No. 8:16-cv-01072-JDW-AAS, Dkt. 13. In reclassifying the motion, the district court failed to fully comply with the notice-and-warning requirement set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003). *See* Case No. 8:12-cr-00245-WFJ-AAS-1, Dkt. 127. After remand from the Eleventh Circuit Court of Appeals, Mr. Shevgert submitted this § 2255 motion to vacate, which is now considered his first. Dkt. 4 at 6.

In Ground One of his motion, Mr. Shevgert moves to vacate Count Two, the solicitation charge, of his 2013 conviction. Dkt. 4 at 5. Mr. Shevgert claims the Double Jeopardy Clause protects him from the lesser offense because there is "significant overlap in their statutory elements and legislative intent, warranting the application of double jeopardy protections." *Id*. In Ground Two, Mr. Shevgert requests a sentence reduction under Amendment 821, which lowered the criminal history points for a defendant who committed an offense while under a criminal justice sentence from two points to one point. *Id.* at 6.

In response to the timeliness of the motion to vacate, Mr. Shevgert claims he is not barred by the one-year statute of limitations because 1) he lacked knowledge of any potential double jeopardy issue and of ineffective counsel, 2) he is a non-native English speaker, and 3) he suffered multiple medical ailments throughout his

2

incarceration. Dkt. 4 at 12. The United States now moves to dismiss the § 2255 motion to vacate as untimely. *See* Dkt. 6.

## LEGAL STANDARD

A prisoner in federal custody may file a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255. Under 28 U.S.C. § 2255(f) a prisoner must submit a motion within a 1-year period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When the period of limitations has run out under § 2255(f), equitable tolling may be applied when "extraordinary circumstances" have worked to prevent a diligent petitioner from filing his petition on time. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The extraordinary circumstance must be both beyond

the movant's control and unavoidable with diligence. *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The burden of proving circumstances that justify equitable tolling rests squarely on the movant and "[m]ere conclusory allegations are insufficient to raise the issue." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

## DISCUSSION

### I. Plaintiff's § 2255 motion to vacate is untimely.

The first relevant provision at issue is § 2255(f)(1). Mr. Shevgert's conviction was entered on October 8, 2013. Dkt. 4 at 2. No subsequent appeal was filed; therefore, following the allotted fourteen days, his judgment became final on October 22, 2013. *See Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Under § 2255(f)(1), Mr. Shevgert had until October 22, 2014, to file a timely motion. However, his *pro se* motion was filed on April 29, 2021. Dkt. 1 at 4. He was later appointed counsel, who filed the current motion on February 3, 2025. Dkt. 4. Both motions to vacate fall well outside the statutory limit set out in § 2255(f)(1).

Section 2255(f)(2) and (f)(3) are not applicable because there is no alleged impediment to making a motion as a result of a government action and no asserted rights newly recognized by the Supreme Court. Furthermore, under § 2255(f)(4), Mr.

Shevgert does not assert any diligently discovered facts that support his claim. The discovery of new legal opinions or theories as opposed to factual information does not trigger the limitation period. *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010). In *Madaio*, the defendant filed a motion to vacate under a double jeopardy claim, claiming timeliness because it was filed within a year of him discovering a case that legally supported his claim. *Id.* at 569. The court held his claims were untimely and barred unless they "related back" to his original motion. *Id.* at 570. Similarly, Mr. Shevgert's contention that he filed a timely motion after the discovery of the double jeopardy doctrine will be time barred because legal discoveries do not trigger § 2255(f)(4).

The United States correctly contends that the relation-back doctrine will not help Mr. Shevgert. Dkt. 6 at 7. Rule 15(c) applies when a petitioner files a timely § 2255 motion and then later files an untimely amendment or additional motion that relates back to the original, timely § 2255. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, the rule is of no help because Mr. Shevgert's first Rule 60(b) motion, which was recharacterized to a § 2255 motion, was filed in December of 2015. His "certification" was signed on November 30, 2015 (Case No. 8:12-cr-00245-WFJ-AAS-1, Dkt. 62), still well outside of the one-year period which required a filing by October 22, 2014.

5

## II.     Plaintiff should not be granted equitable tolling.

Mr. Shevgert brings up three reasons why he is not barred by the period of limitations, none of which meet the extraordinary circumstance threshold required for equitable tolling. Dkt. 4 at 12. First, he contends his ineffective assistance of counsel and lack of knowledge on any potential double jeopardy issue entitles him to equitable tolling. *Id*. However, lack of legal education or ignorance of the law is not an excuse for failing to file a motion on time. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). Furthermore, an attorney's miscalculation or misinterpretation of the language of a statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Therefore, the fact that Mr. Shevgert was not educated on the period of limitations, or any double jeopardy issue is not an "extraordinary circumstance."

Secondly, Mr. Shevgert claims that his lack of proficiency in speaking English justifies equitable tolling. *See* Dkt. 4 at 12. However, an inability to understand English does not constitute an extraordinary circumstance justifying equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *see also Rivers*, 416 F.3d at 1323 (11th Cir. 2005) (holding that the defendant's lack of education did not warrant equitable tolling when he "fail[ed] to set out just what efforts he made to obtain the necessary records or to explain what amount of time

lapse is fairly attributable to the state clerk's delay"); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[Defendant's] allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling.").

      Finally, Mr. Shevgert argues his health conditions inhibited him from filing a timely motion. *See* Dkt. 4 at 12. There are instances in which equitable tolling is appropriately granted for medical conditions. *See Mazola v. United States*, 294 F. App'x 480 (11th Cir. 2008). In *Mazola*, the district court granted equitable tolling for the forty-two days the movant was hospitalized for pneumonia and tuberculosis, in addition to his chronic conditions of seizures and asthma. *Id.* at 482. However, the defendant filed his § 2255 motion fifty-two days after the period of limitation had passed. *Id*. The Eleventh Circuit Court of Appeals affirmed that Mazola was not entitled to any additional equitable tolling because he failed to show that his medical conditions constituted extraordinary circumstances during the time that he was not hospitalized. *Id*. In this case, Mr. Shevgert fails to allege sufficient health issues to be deserving of equitable tolling. He claims he had "pre-plea strokes" and "proven cerebral deficits." Dkt. 1 at 4. However, he ties these conditions to his "lack of knowledge" claims, not to his failure to file a timely § 2255 motion. *See id.*; Dkt. 4 at 12. Additionally, he claims to have suffered another stroke during incarceration, which has impacted his ability to spell and created a near inability to write. Dkt. 12

7

at 2. Furthermore, he alleges he has no peripheral vision, high blood pressure, prostate issues, thyroid issues, a large protruding bulge on the back of his neck and suffered a compound leg fracture when he was harassed by a younger inmate. *Id*. Although these are serious medical ailments, there are no alleged extraordinary circumstances, such as being hospitalized, during that time. *See Mazola*, 294 F. App'x at 482; *Lang v. Alabama*, 179 F. App'x 650, 651–52 (11th Cir. 2006) (rejecting equitable tolling argument based on cancer and triple bypass surgery since the petitioner never demonstrated that the medical conditions were sufficiently debilitating to constitute extraordinary circumstances). Mr. Shevgert fails to show how his medical ailments have caused him to file late and that he remained diligent in filing.

In Mr. Shevgert's response to the motion to dismiss, he cites *Hunter v. Ferrell*, 587 F.3d 1304, 1310 (11th Cir. 2009), in which the defendant was granted a hearing to address the merits of his equitable tolling claim. Mr. Shevgert asks this Court for the same. In *Hunter* the defendant had an IQ score of 59 and was diagnosed with chronic, irreversible mental retardation. *Id*. at 1308. Courts have recognized that mental incompetence is not a *per se* reason to toll a statute of limitations. *Id*. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely petition. *Id*. Not only does Mr. Shevgert's mental incompetence not rise to the level in Hunter, but he has also failed to show how his

mental incompetence has affected his ability to file a timely petition. Mr. Shevgert has failed to establish a sufficient causal connection between his health conditions and why he filed 404 days after the period of limitations had elapsed (October 22, 2013 - November 30, 2015). Accordingly, even when viewing all factors collectively, he has failed to meet the burden of proof necessary for this Court to grant equitable tolling.

### III. Plaintiff's claim also fails procedurally and on its merits.

Setting aside the timeliness of the motion, Mr. Shevgert's double jeopardy claim also fails procedurally and on its merits. Generally, if a challenge to a conviction is not made on direct appeal, it will be procedurally barred in a § 2255 challenge. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A defendant cannot overcome this procedural bar unless he can show either cause for the default and actual prejudice or actual innocence. *See id*. Therefore, Mr. Shevgert's double jeopardy claim is procedurally defaulted because he has failed to allege a cause for the default that prejudiced him, or actual innocence.

As purely a double jeopardy claim, the motion would be procedurally invalid. However, Mr. Shevgert's motion can also be reasonably characterized as an ineffective assistance of counsel claim, based on the trial counsel's alleged failure to challenge the indictment as being in violation of the Double Jeopardy Clause. *See Smith v. United States*, No. 2:10CV934-MHT, 2013 WL 1294643, at *5 (M.D. Ala.

Mar. 4, 2013), *report and recommendation adopted*, No. 2:10CV934-MHT, 2013 WL 1294639 (M.D. Ala. Mar. 28, 2013) (defendant claimed ineffective assistance of counsel because of failure to challenge the indictment on double jeopardy grounds). Ineffective assistance of counsel claims are an exception when bringing a § 2255 motion and usually do not need to be brought up on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003). Ineffective assistance of counsel claims can satisfy the "cause" exception to the procedural bar, but only if the claim is meritorious. *See Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

Mr. Shevgert's double jeopardy claim is meritless; thus, his counsel was not ineffective for failing to raise the claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (holding the defendant's counsel cannot be ineffective for failing to raise a meritless issue). In *United States v. Dixon*, 509 U.S. 688 (1993), the Supreme Court renounced the same-conduct test and reaffirmed the analysis in *Blockburger v. United States,* 284 U.S. 299 (1932), which focused on the elements of the crime rather than the conduct comprising the offense. *Dixon*, 509 U.S. at 714–15. "[The inquiry is] whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id.* at 698.

Mr. Shevgert contends that the murder-for-hire and solicitation charge stem from "one continuous course of conduct." Dkt. 12 at 6. However, as established in

*Dixon*, the focus is on the statutory elements of the crime rather than the conduct. Looking to this case, a critical statutory element of murder-for-hire is the promise of remuneration. *See* 18 U.S.C. § 1958(a); *United States v. Sanchez*, 3 F.3d 366, 367 (11th Cir. 1993) (holding a charge of attempted murder and murder-for-hire failed to meet the "same elements" test from *Dixon* because of the additional remuneration element necessary for murder-for-hire). A charge for solicitation to commit a crime of violence requires no such proof of a remuneration element. *See* 18 U.S.C. § 373.

In other words, charges in an indictment are not multiplicitous if they differ by a single element. *United States v. Harris*, No. 2:22-CR-67-SPC-KCD, 2022 WL 17670289 (M.D. Fla. Dec. 14, 2022). In *Harris*, the defendant contended that his murder-for-hire and conspiracy to commit murder-for-hire were multiplicitous offenses and therefore violated the Double Jeopardy Clause. *Id*. at *1. However, the two crimes are distinct because one can be committed without the other. *Id*. at *2; *United States v. Gomez*, 644 F. Supp. 2d 362, 367 (S.D.N.Y. 2009) (finding conspiracy to commit murder-for-hire and substantive murder-for-hire in violation of 18 U.S.C. § 1958 are not multiplicitous); *Plunkett v. United States*, No. 4:04-CR-70083, 2011 WL 2199174, at *8 (W.D. Va. June 6, 2011*)* (same); *United States v. Bicaksiz*, 194 F.3d 390, 394 (2d Cir. 1999) ("§ 1958 criminalizes both substantive offenses and conspiracy, without any specific language precluding cumulative punishment of a defendant . . . who commits both.").

11

Similarly, Mr. Shevgert's solicitation charge can be committed independently of the murder-for-hire charge. *See United States v. Price*, 65 F.3d 903, 905 (11th Cir. 1995) (defendant charged with using facilities of interstate commerce to commit murder-for-hire, in violation of 18 U.S.C. § 1958 and soliciting a crime of violence, in violation of 18 U.S.C. § 373); *United States v. Francis*, 131 F.3d 1452, 1454 (11th Cir. 1997) (same). Murder-for-hire applies to "[w]hoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce . . . ." 18 U.S.C. § 1958. Additionally, there is a remuneration element that requires the intended murder to be used "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value . . . ." The commerce and remuneration element are not present within 18 U.S.C. § 373. In fact, Mr. Shevgert has a weaker double jeopardy argument than the defendant in *Harris* because he was convicted not of solicitation to commit murder-for-hire, but rather solicitation to commit a crime of violence. Dkt. 4. at 2. Therefore, Mr. Shevgert's double jeopardy claim is meritless because § 373 and § 1958 are not multiplicitous. Because the claim is meritless, Mr. Shevgert fails to allege a sufficient ineffective assistance of counsel claim to avoid the procedural default for failing to bring up his claims on direct appeal. Mr. Shevgert's § 2255 motion fails procedurally and on its merits.

IV. **Plaintiff improperly filed for a sentence reduction under Amendment 821.**

Finally, Ground Two of Mr. Shevgert's § 2255 motion to vacate requests a sentence reduction under Amendment 821 to the Sentencing Guidelines, which lowered the criminal history points for a defendant who committed an offense while under a criminal justice sentence from two points to one point. *See* U.S. Sent'g Guidelines Manual Amend. 821 (U.S. Sent'g Comm'n 2023). However, a sentence reduction under Amendment 821 is not cognizable under § 2255. *See Pate v. United States*, No. CR 118-008, 2024 WL 3258198, *4–5 (S.D. Ga. July 1, 2024) (collecting cases). The proper vehicle for relief is 18 U.S.C. 3582(c)(2), which allows a court to reduce a sentence based on a sentencing range that was later lowered by the Sentencing Commission. Therefore, this Court dismisses the § 2255 motion.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Defendant's Motion to Dismiss, Dkt. 6, is **GRANTED**. Plaintiff's § 2255 Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** as time barred. The Clerk is directed to terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on June 4, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff